IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LESLIE LONG,<br><br>        Appellant,<br><br>    v.<br><br>COLIN A. SARGENT, MARGRETANN SARGENT,<br><br>        Appellees. | Civil No. 20-2203 (RMB/KMW)<br><br>**OPINION** |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court on Appellant Leslie Long's appeal, filed February 28, 2020, [Docket No. 1], of the Bankruptcy Court's February 18, 2020 Order Denying Appellant's Motion to Extend Time to Object to Discharge [Docket No. 1-2]. On January 28, 2021, the Court issued an Opinion reserving judgment on the appeal and ordered supplemental briefing from Appellant. [Docket Nos. 16, 17.] In light of Appellant's failure to comply with the Court's Order, the Court modifies its January 28, 2021 Opinion, as seen herein. For the reasons expressed below, this Court will deny Appellant's appeal.

I.   BACKGROUND

The relevant facts of this case began when, in approximately 2019, Appellant Leslie Long filed a complaint in New Jersey state

1

court alleging, generally speaking, fraud against Appellees Colin Sargent and Margretann Sargent. [See Docket No. 10, at 2; Docket No. 11, at 3:1-4:20.] In that case, Appellant alleged that she had hired Appellees to rebuild her home, which was damaged in Superstorm Sandy. [Docket No. 10, at 2.] The state court complaint alleged that Appellees never completed the job, despite being paid for it. [Id.]

By August 11, 2019, the state court matter was nearing trial. [Docket No. 11, at 3:20-4:6.] On that date, Appellees filed a Voluntary Petition with the United States Bankruptcy Court for the District of New Jersey. [Docket No. 1, at A001-A029 (initiating Bankruptcy Case 19-25526-ABA).] The Certificate of Notice, which indicated the date of the meeting of creditors and the deadline by which to file an objection to discharge, was filed on August 14, 2021. [Id. at A030.] The deadline for filing an adversary complaint was November 12, 2019. [Id. at A031.] The Certificate of Notice was sent by first class mail on August 14, 2019 to various individuals and entities. [See id. at A033-A034.] It was not sent to Appellant, however. [See id.]

The filing of Appellees' bankruptcy application resulted in an automatic stay of the state court proceedings. [See Docket No. 11, at 3:15-19.] Although Appellees did not provide a copy of the filing to Appellant, Appellees' counsel from the state court case told Appellant's counsel about the bankruptcy application. [Id. at

2

4:7-17.] Appellant's counsel, therefore, had actual knowledge of the bankruptcy proceeding. [Id. at 4:21-23.] Appellant's counsel further confirmed in a hearing before the Bankruptcy Court that his client "understood that [Appellees] filed for bankruptcy . . . [a]round the time that they filed." [See id. at 5:4-8.] The Court summarized that "[t]hem, through their attorneys, understood that a bankruptcy had been filed in August at the time that they filed this bankruptcy," which Appellant's counsel also confirmed. [Id. at 5:9-12.] The Court, however, did not make a finding that Appellant was not named in the bankruptcy petition, evidently because doing so would have been irrelevant given the fact that Appellant had actual knowledge of the filing. [See id. at 7:2-20.]

Appellant did not file a complaint by the November 12, 2019 deadline. [See id. at 6:1-3.] On December 13, 2019, she filed a Motion to Extend the deadline to object to discharge. [Docket No. 10, at A035.] The Bankruptcy Court held a hearing on Appellant's Motion on February 18, 2020. [See Docket Nos. 1-2, 11.] The Court noted that Federal Rule of Bankruptcy Procedure 4007 provides:

> A complaint to determine the dischargeability of debt involving fraud or willful and malicious injury must be filed no later than 60 days after the first date set for a meeting of creditors under Section 341(a).
> The Court may extend that date on motion if the motion is filed before the deadline for filing the complaint.

[Docket No. 11, at 5:18-25 (quoting FED. R. BANKR. P. 4007).]

In its written Order, the Court noted that

3

> Section 523(a)(3) provides that a chapter 7 discharge does not discharge an individual debtor from any debt "neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit . . . if such debt [arises from fraud or a willful and malicious injury,] timely filing of a proof of claim and timely request for a determination of dischargeability of such debt . . . , unless such creditor had notice or actual knowledge of the case in time for such timely filing and request."

[Docket No. 11, at 2 (quoting 11 U.S.C. § 523(a)(3)(B).]

The Court ruled that, because Appellant's Motion to Extend was not filed until after the deadline for filing the complaint, it was untimely. [See id. at 6:1-3.] The Court also noted that it was "quite surprised that [Appellees'] pleadings did not include [Appellant] on their petition, nor [was Appellant] ever given notice of the bankruptcy which would have made the debt non-dischargeable pursuant to Section 523(a)(3)." [Id. at 6:4-9.] But, the Court concluded, this lack of notice via the petition was "not relevant" because Appellant "had actual notice of the bankruptcy filing" via her attorney. [Id. at 6:4-11.] Because she "received notice of the bankruptcy filing by notice in the Superior Court and from the debtors, [she] has had notice in time to file a complaint and a proof of claim, and request a determination of the dischargeability." [Id. at 6:15-19.] In short, the Court ruled that the notice in this case was adequate and that the fact that Appellant was not named in the petition did not provide an adequate basis for the Court to grant the Motion to Extend that Appellant

4

filed more than a month after the deadline. [See id. at 6:15-7:1.] Therefore, the Court denied Appellant's Motion to Extend and discharged the debt. [Docket No. 1-2, at 2.]

Appellant filed this appeal on February 28, 2020. [Docket No. 1.] She filed her brief in support on July 31, 2020. [Docket No. 10.] After Appellees' attorney failed to enter an appearance in this case, Appellee filed a pro se brief on January 5, 2021. [Docket No. 15.] The Court issued an Opinion on January 28, 2021, which this Opinion modifies. [Docket No. 16.] The Court also ordered Appellant, "by no later than **Friday, February 19, 2021**, [to] file supplemental briefing that addresses the deficiencies discussed in" the January 28, 2021 Opinion. [Docket No. 17.] Specifically, Appellant's supplemental briefing was to address:

> whether Appellant is asking this Court (1) to review that finding of fact (or lack thereof) under a clear error standard of review; (2) to make a finding of law, under a de novo standard of review, that any creditor who is not named in a bankruptcy petition, regardless of whether they have actual notice of the case, is entitled to file a complaint objecting to dischargeability out of time; or (3) something else entirely.

[Docket No. 16, at 11.] Appellant failed to file a supplemental brief by the February 19, 2021 deadline. [See Docket.]

## II. JURISDICTION

The Bankruptcy Court had original jurisdiction in this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper in

5

this District under 28 U.S.C. § 1409(a).

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) and (c)(2) and pursuant to Federal Rules of Bankruptcy Procedure 8001 and 8002.

### III. STANDARD OF REVIEW

A district court's standard of review in a bankruptcy appeal is to "[r]eview the bankruptcy court's legal determination de novo, its factual findings for clear error, and its exercise of jurisdiction for abuse thereof." In re United Health Care Sys., Inc., 396 F.3d 247, 249 (3d Cir. 2005) (quoting In re TWA, 145 F.3d 124, 130-31 (3d Cir. 1998)) (noting that the circuit court and district court exercise the same standard of review).

### IV. ANALYSIS

This Court notes that the Bankruptcy Court's decision turns on whether or not Appellant had "notice or actual knowledge" of Appellees' bankruptcy petition. See 11 U.S.C. § 523(a)(3)(B). The Bankruptcy Court found that Appellant did have actual knowledge of Appellees' bankruptcy petition because Appellees' counsel in the state court proceeding notified Appellant's counsel of the petition. The following exchange between the Bankruptcy Court and Appellant's counsel, Mark Molz, at the February 18, 2020 hearing provided the basis for the Court's conclusion:

> MR. MOLZ: I believe that the attorney was the one that told us. We did not receive a copy of the filing.

6

> . . . .
>
> THE COURT: You mean [Appellees' bankruptcy counsel]? Or the attorney from the other side?
>
> MR. MOLZ: No, no. The attorney in the underlying State Court action, Judge.
>
> THE COURT: So you had actual notice of the bankruptcy filing near the time that this matter was filed?
>
> MR. MOLZ: We did, Judge.
>
> . . . .
>
> THE COURT: Mr. Molz, . . . your client understood that the individuals filed for bankruptcy, right?
>
> MR. MOLZ: Correct.
>
> THE COURT: Around the time that they filed.
>
> MR. MOLZ: That's correct.
>
> THE COURT: Them, through their attorneys, understood that a bankruptcy had been filed in August at the time that they filed this bankruptcy?
>
> MR. MOLZ: Yes, Your Honor.

[See Docket No. 11, at 4:10-5:12.]

The Bankruptcy Court's finding is in line with other courts' interpretations of the "actual knowledge" requirement. "Perhaps the most often cited case for this proposition is that of the Fifth Circuit in In re Sam, 894 F.2d 778 (5th Cir. 1990)." Herman v. Bateman (In re Bateman), 254 B.R. 866, 872 (Bankr. D. Md. 2000) (alterations omitted). In In re Sam,

> the creditor, Grossie, was not listed as a creditor at the time of conversion of the case from Chapter 11 to Chapter 7. Neither Grossie nor his attorney received a

7

> copy of the notice of bankruptcy, Official Bankruptcy Form 9A[, which] provided the date of the meeting of creditors and the bar date of January 11, 1988. However, the debtors' attorney sent Grossie's attorney a notice of automatic stay on December 22, 1987. [That] notice identified the court, the name of the debtors, the case number, and the name of debtor's counsel.

Id. at 872. The In re Sam Court determined that Grossie had actual knowledge of the case and stated that

> [w]hen a creditor is aware of the pendency of bankruptcy proceedings, the imposition of a duty on the part of the creditor to make an inquiry to determine the date of the first meeting of creditors, and to consult Bankruptcy Rule 4007(c) and calculate the bar date (sixty days after the date set for the initial creditors' meeting) is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases.

In re Sam, 894 F.2d at 781. The Second Circuit echoed this sentiment five years later, writing, "while it is true that § 523(a)(3)(B) does impose a burden on unlisted creditors who obtain timely knowledge of a bankruptcy proceeding, that burden is minimal and certainly does not deprive unlisted creditors of their opportunity to be heard." GAC Enterprises, Inc. v. Medaglia (In re Medaglia), 52 F.3d 451, 455 (2d Cir. 1995).

The facts of this case are similar to those of In re Sam. Appellees' state court attorney filed a letter on the state court docket that indicated that the state court case should be automatically stayed because Appellees had filed for bankruptcy. [See Docket No. 15.] The letter, like the

8

notice in In re Sam, identified the name of the debtors, the bankruptcy case number, and the name of debtor's bankruptcy counsel. [See id.] As Appellant's counsel admitted at the Bankruptcy Court's hearing, both he and Appellant were aware of this information. They learned about it approximately three months prior to the deadline to file Appellant's complaint. More importantly, Appellant's Counsel admitted at the Bankruptcy Court hearing that Appellant had actual knowledge of the bankruptcy filing by Appellees at some point in approximately mid August 2019.

As such, Appellant had actual knowledge of the bankruptcy suit well before the deadline to file her complaint or to file a request to extend that deadline. Therefore, it was her own inaction, and not the lack of notice from the bankruptcy petition itself, that jeopardized her opportunity to be heard. See E. Smalis Painting Co. v. Smalis (In re Smalis), Bankruptcy No. 05-31587-CMB, Chapter 7, 2015 Bankr. LEXIS 1940, at *27 (Bankr. W.D. Pa. June 12, 2015) ("While the Bankruptcy Code does not define what constitutes 'actual knowledge' under the statute, it has been defined by courts as positive knowledge of a fact and more than a casual, offhand reference, such that a creditor is apprised that a bankruptcy case was commenced and where said case is pending.").

Based on the record before this Court, the Bankruptcy Court's factual determination does not appear to constitute clear error. Rather, there appears to be an obvious and reasonable basis upon which the Court made its factual determination.[1]

However, the Court notes that Appellant appeared to have another basis for her appeal, revolving around the Bankruptcy Court's failure to make a finding of fact that Appellant was not named in the Voluntary Petition by the debtors and pursuant to 11 U.S.C. § 523(a)(3). Although the Court requested additional briefing on this issue, Appellant failed to comply with the Court's Order. [See Docket No. 17.]

Appellant's concise statement of argument states: "Creditor Leslie Long was not named in the Voluntary Petition by the debtors and pursuant to 11 U.S.C. § 523(a)(3), she should be permitted to file a complaint objecting to dischargeability. Additionally, the petition fails to list Debtor's business name or assets and is fraudulent." [Docket No. 10, at 3.] Appellant then lists two points

---

[1] To the extent that Appellant disputes this factual finding and insists that her Counsel never notified her of the bankruptcy filing and that she therefore did not have actual knowledge of it, this Court will reconsider its decision, provided that Appellant can support such an argument with relevant facts and law. To the best of the Court's knowledge, this would require Appellant to take the position that Appellant's Counsel was not credible at the bankruptcy hearing, and that his credibility should have been pressed further by the Bankruptcy Court. Given the record before it, however, this Court has no basis to make such a finding, so the Bankruptcy Court's factual finding will be affirmed.

in support of her argument. First, Appellant argues that she "should be permitted to file a complaint objecting to dischargeability out of time" because, in essence, she "was not listed on the verified petition mailing matrix[,] . . . was never provided with the deadline for objecting to discharge[,] . . . [and] she never had the opportunity to retain bankruptcy counsel because she was not named in the [Appellees'] Bankruptcy Petition." [Docket No. 10, at 3 (alterations omitted).] Appellant also claims that Appellees' failure to include her on the Bankruptcy Petition was fraudulent. [Id. at 4.] Second, Appellant argues that she "is entitled to conduct discovery and present her case for nondischargeability pursuant to Section 523(a)(3)." [Id. at 4 (alterations omitted).]

But Appellant wholly ignores the fact that the Court made a factual finding that Appellant had actual knowledge of the claim in time to file a complaint. This finding of fact is fatal to Appellant's appeal, given the relevant statutory language and caselaw interpreting it. Appellant provided no legal authority to support her apparent position that the failure to list Appellant in the Voluntary Petition should somehow trump the fact that Appellant had actual knowledge of the Complaint. The Court reiterates that it explicitly provided Appellant to supplement her argument, but Appellant failed to do so. Appellant has failed to

11

provide the Court <u>any</u> basis for her argument. Therefore, the Court will deny Appellant's appeal.

**V.   CONCLUSION**

For the reasons set forth above, the Court will deny Appellant's appeal. An accompanying Order shall issue.


<u>February 26, 2021</u>            <u>s/Renée Marie Bumb</u>
DATE                      RENÉE MARIE BUMB
                          UNITED STATES DISTRICT JUDGE